Ms. Birkhead? Thank you, Your Honor. May I please report? Doesn't Barney almost anticipate this? No, Your Honor. Appellant contends that Barney does not anticipate this. Almost. Well, almost doesn't get it there. There are still some missing elements, and it's still as deficient. Reading the record, Bonnstetter is a system and method, whereas a survey is developed through subject matter experts alone. It's a struggle for the use of the words, but maybe a more pure system than Barney. That subject matter experts are queried, they take a survey, there's no manipulation of the data. What exactly, though, is the element that the claim has that Barney doesn't? It has the elements in Bonnstetter that Barney does not have is that the subject matter experts alone are queried, they're surveyed. But is the claim in Bonnstetter said alone, that only experts alone, or does it say comprising and then experts are surveyed? It certainly says comprising, Your Honor, in the preamble, and as we know, in comprising, that does leave it open-ended. So other people could be surveyed too, you just have to have surveyed experts as part of Bonnstetter's claim. But the claim does not include anyone else, and to include anyone else in that survey results to query other than subject matter experts is against the objective of the invention. The invention in Bonnstetter is to remove bias, and that's said in many places in the specification. And it's to query from subject matter experts who are high performers, who excel in those specific jobs. And that's really what this system and method is about, is to pull together those competencies that mold into skills and attitudes and values that then can be used for a survey instrument and an interview instrument for job candidates. But it seems to me you're arguing the case you wish you had rather than the one you do, and you're arguing for things that aren't in the claims, and that's a problem. Well, with all due respect, Your Honor, we believe that is in the claim, and it's certainly supported by the specification. The elimination of bias is in the claim? The elimination of bias is supported through the specification, where it eliminates bias, but that is through the subject matter experts who are high-performing individuals. It doesn't bring in the bias of an employer or a vendor, or in the case of Barney, some analyst that pre-chooses a survey methodology. Wouldn't an employer be a subject matter expert? No, Your Honor, not necessarily. A subject matter expert employer can have biases. An employer would not be an expert on the subject, on the criteria for efficient performance of a job? Not necessarily, Your Honor. That can be precluded. A subject matter expert is one who has held the job, who is a high performer of the job. An employer may not necessarily be that. An employer may require more skills than is needed for the job. It may require more experience or less experience. They don't really know. But Barney actually has subject matter experts, though. It does, Your Honor. And it says subject matter experts to rate on appropriate scales, difficulty, importance, and frequency, and certain dimensions, tasks, knowledge, skills, ability, and other personal characteristics relevant to the job. So I'm not sure what is missing from Barney other than interviewing candidates. Well, in Barney, what happens in Barney is akin to almost a Bali in tennis, is that it starts with an analyst. And it particularly figures... No, but the line I'm referring to is subject matter experts. It's not analyst. It's not employer. Subject matter experts. This is a fact-finding by the PTO on what the prior art discloses, and we've got to review it for substantial evidence. How do I conclude that that sentence is not substantial evidence to support the idea that subject matter experts determine skills necessary for superior performance of the job? Your Honor, that has to be looked at in context of the whole specification of what Barney outlines. And I believe perhaps that's in column 5 and 6 of Barney, but that has to be read with all due respect to the solicitor's office. They picked a point in context that is out of context in Barney. What Barney starts with, and particularly what it shows in figure 2, is that there's this database of all types of work skills, attitudes, etc. An analyst, not a subject matter expert, picks from those and puts those into some type of instrument, whether a survey or some type of database. Again, referring to figure 2, which shows this, is that then this preliminary survey is put together, again from an analyst, not from a subject matter expert. So one would argue that's already tainted by bias, going and picking this. It's not something pure that's come from the subject matter expert. When we look at KSR, and I realize I'm switching into obviousness here, but it talks about getting expected results from a limited number of choices. And isn't that exactly what's happening here? We've got a very expected result, which is when you perform a survey of analysts, you're going to get the kind of results that are discussed in your patent claim or amendment. No, Your Honor. The results that are expected in Barney are certainly different than what Bonsted or others... Your Honor, what is so different? Well, particularly in Barney, again, it starts with a biased instrument, is what Appellate contends, because there is a data bank, if you will, of preloaded skills, abilities, attitudes, all those things that are outlined in the specification. Why wouldn't this be just a matter of common sense in how you perform surveys to make sure your survey doesn't contain vastly inherent biases? You wouldn't perform a survey if it was going to be biased. You don't like biased surveys. Isn't it kind of inherent in the term survey that you're going to try to get a reliable one? Well, I think that depends on who's looking at the survey results. In the other cited references, certainly in Barney, the outcome of this, really the objective of this is not only a survey instrument, although you can't contend that it has this volley back and forth between analysts and subject matter experts, that the analyst has some input and bias, but that's really linked to human resource products, that the outcome of this is that they want to link whoever they're hiring or this survey is they want to have a predetermined training plan or a predetermined performance evaluation. So the objective of the invention is much different as well. I've missed that difference. What's the great difference in this proposed invention? The difference between certainly Barney, Barney wants to sell human resource products. The difference in Bonstetter, it wants to come down to a survey instrument that subject matter experts have been queried. They determine what are the core competencies, which are correlated to skills and abilities. Those are prioritized. Those are turned into survey instruments and that survey instrument is used to select job candidates and a greater predictor of a job. It sounds exactly like the human resource product that Barney is selling. With all due respect, Your Honor, no, not at all. Barney started... You use more words in describing your application, but it sounds like the exact same human resource product that Barney is selling. Human resource products go beyond that in Barney, but again the survey instrument that's ultimately used in Barney that is really outlined in Claim 1 of Bonstetter is again a survey instrument in Barney that is biased and has input from analyst to subject matter expert, back to analyst, back to subject matter expert. Bonstetter does not have that. Bonstetter has a survey instrument that is developed from subject matter experts alone that correlate job competencies to skills and abilities and that are prioritized. They're brought together. There's a composite survey and that survey only from subject matter experts is used to select job candidates. Barney does not have that. This goes back to the point Judge Moore brought up that you keep saying only subject matter experts. The claim is not so limited. The claim is broader than that. It just talks about identifying subject matter experts for the job, which is exactly what Barney does. But Barney interjects, they start with an analyst with a predisposed preliminary survey. Bonstetter does not do that. But what difference does that make with respect to what's called for in this claim? The difference is that it is the subject matter expert. They are identified and they're high-performing individuals, says in the specification. They are given these competencies. They rate these competencies as what takes for a computer programmer, for example. And it's only that subject matter experts who have been computer programmers and high-performing computer programmers that then decide the competencies that correlate to skills and abilities that are necessary for superior performance. Again, you're saying these are only individuals that have had the experience, that have the expertise and all of that, which is not in the claim. That's what the subject matter expert is, Your Honor. And that's identified and defined in the specification. There's another point here. We don't just have Barney. We have First and not Carney. There seems to be a lot of prior art in this area. Isn't that a pretty good indicator of obviousness? All of these related pieces of prior art discussing related concepts? Well, it certainly is in the same field of art, Your Honor, but does not depict obviousness because combining all these references still has elements that are missing. What is missing? The missing element is this instrument that is solely… They all have instruments. They all have surveys. They all are surveys which, if you perform them with any common sense, will remove the biases. Now what's missing? Well, with all due respect, Your Honor, the other, even Ned Carney particularly, I believe First is more about the composite survey part of it, but certainly Ned Carney doesn't… If we assume that a surveyor won't go to the effort of doing the survey unless they ensure there are no biases in it, what is left? What is not in the prior art that you are claiming? So that would have to assume that these cited references are out. We'll assume that the surveys they are performing are reliable, competent surveys. What now do you claim that is not within the obvious reach of anyone of skill in the art? I differentiate, Your Honor, between reliable and competent and unbiased. A vendor, as in Ned Carney, is they… There are three groups that have input into Ned Carney. Certainly a job seeker can go in. And really the objective of the invention in Ned Carney, as I see it, is they want to build this data bank. They also want to have common language, use common terms. Vendors who want to input a job candidate or helper seeking a job for a job candidate or a headhunter. You're into your rebuttal time. Would you like to save it? I would. Thank you, Your Honor. Thank you. Okay. Mr. Wiedenfeller. Thank you, Your Honor, and may it please the Court. I only have a couple of points in response to Bonstetter's argument. First, the argument seems to be premised on the notion that Bonstetter requires removing an inherent bias, and Barney does not teach that. First, as the Court's questions have pointed out, I think there's nothing in the claim that requires elimination of bias. Second, at page A430, referring to figure 2 to which Bonstetter points, at columns 6, lines 6 and 7, Barney teaches that the job analyst who creates the survey may consult with subject matter experts in order to decide which questions go into that survey. So the subject matter expert involvement prior to the survey creation and distribution is taught by Barney. Second of all, Bonstetter argues that employers cannot be subject matter experts under the claim limitations of Bonstetter. And at page A15, it indicates that figure 3B of the Bonstetter application indicates that a person who manages this position now may be the subject matter expert who answers the survey. So I think that that would encompass the inquiry. If there are no other questions, I'll yield the remaining time. Thank you, Mr. Wiedenfeller. Ms. Birkhead, you're back with a little less than three minutes. Thank you, Your Honor. Again, to the solicitor's point about Barney and A430, the solicitor goes back to the point that, yes, indeed, it is very clear that subject matter experts are a part of the Barney survey, but is that an instrument or method, but they are not the only. And what one has to do is read before that and after that to get the full context of what Barney is really all about. And again, I refer the panel to figure 2, is that it starts with a selection of dimensions by someone who is not a subject matter expert, and therefore it is a predetermined survey. It is then given to subject matter experts. It goes back to analysts and so forth. That is a very distinct difference from Bonstetter, who is wanting to get at those high-performing individuals by identifying the skills necessary that take to perform a job highly successful. Which part of the claim talks about the predetermined survey, the point you were just making? I was referring to Barney as far as the predetermined survey? Yes. Is that what you're asking? Yes. I point to, Your Honor, it's on A416. It's figure 2. But what part of the claim does that relate to? You're saying that that's something that's missing from Barney or something shown in Barney that's not claimed? I'm not sure what your argument was. I apologize for the confusion, Your Honor. What I'm saying is that the solicitor indicates that on A430 that I had referenced, where it explains the figure, is that he was reciting that subject matter experts do have input in Barney. Yes, that's clear in the specification. But, again, what we would contend is that's taken out of context. It's not just the subject matter expert. You have to read before in the specification. I believe he's quoting from column 6, perhaps, if I recall. But you have to read before in column 5 to column 6 that the process, the system and method in Barney starts with an analyst, which is not a subject matter expert. That's our key difference from Bonstetter, is that there can be manipulation, there can be bias inherent, and Bonstetter, the object of that invention, is to remove that through subject matter experts, Your Honor. Thank you. Thank you, Ms. Burkitt. All rise. The Honorable Court is adjourned until tomorrow morning at 10 a.m.